UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDY PAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:12cv265 |
| | ) |
| CITY OF MICHIGAN CITY, INDIANA; | ) |
| MICHIGAN CITY POLICE DEPARTMENT; | ) |
| and MARTY CORLEY, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, City of Michigan City, Indiana ("the City"), Michigan City Police Department ("MCPD"), and Marty Corley ("Officer Corley"), on July 18, 2012. The plaintiff, Randy Pam ("Pam"), filed a response on August 3, 2012, to which the defendants replied on August 10, 2012.

For the following reasons, the motion to dismiss will be granted.

Standard for Dismissal

When ruling on a motion to dismiss for failure to state a claim, the court accepts all well-pleaded allegations to be true and all reasonable inferences in the nonmoving party's favor. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). However, the courts are not compelled to accept conclusory allegations concerning the legal effect of facts set out in the complaint. *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008), *quoting Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 547 (2007). While detailed factual allegations are not required... the plaintiff must

allege facts that, when "accepted as true, state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Plaintiffs must do more than plead facts that are consistent with Defendants' liability because that only shows the possibility, not the

plausibility, of their entitlement to relief." *Rodriguez v. Cook County Sheriff's Office*, 2009 WL 4673803 *1 (N.D. Ill. 2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

While the court must accept only "well-pleaded, non-conclusory factual allegations," legal conclusions and conclusory statements are not accepted as true. *Id*. at 1949. Moreover, unsupported conclusions of fact or mixed fact and law are not admitted. *Hess v. Petrillo*, 259 F.2d 735 (7th Cir. 1958), *cert. denied*, 359 U.S. 954; *Homan Manufacturing Co. v. Russo*, 233 F.2d 547 (7th Cir. 1956); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (commenting that deferential standard does not obligate a court to "swallow the plaintiff's invective, hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

## Discussion

Pam, pursuant to 42 U.S.C. § 1983, filed a Complaint alleging that Defendants deprived him of his civil rights in violation of the Fourth and Fourteenth Amendments to the United States

Constitution. *Complaint*, ¶¶ 17-18. In particular, Pam alleges that on May 28, 2010, MCPD Officer Corley entered a residence "under the auspices of a warrant" to arrest Pam's sister. *Complaint*, ¶¶ 4, 5. Pam was not present when Officer Corley initially entered the residence. *Complaint*, ¶ 7. When Pam returned to the residence, he noticed "officers searching the upstairs portion of the home" and initiated verbal contact with the officers. *Complaint*, ¶ 8. After making verbal contact with the officers, Pam alleges that Officer Corley advised him to leave the residence. *Complaint*, ¶ 9. Pam alleges that when he turned towards the street, Officer Corley struck him in the back with a flashlight. *Complaint*, ¶ 11. Pam alleges that Officer Corley then restrained him by the arm and neck and announced that Pam was being arrested for disorderly conduct and resisting law enforcement. *Complaint*, ¶ 12. Pam alleges that Officer Corley then shoved Pam down and handcuffed him tightly. *Complaint*, ¶¶ 13-14. Pam states that he was then transported to the La Porte County Jail, where he posted bond and was released the next day. *Complaint*, ¶ 15.

Pam alleges that Officer Corley's conduct gives rise to false arrest and excessive force claims under both the Fourth and Fourteenth Amendments to the United States Constitution. *Complaint*, ¶¶ 17-18. Plaintiff alleges that at all relevant times, Officer Corley was acting in his official capacity as a Michigan City police officer during the entirety of the incident. *Complaint*, ¶ 4.

In support of their motion to dismiss, the defendants argue that Pam's Complaint fails to state claims against both the City and the MCPD. The defendants also assert that Pam cannot maintain a viable action against Officer Corley under the Fourteenth Amendment. The defendants also argue that Pam has failed to state a claim under 42 U.S.C. § 1983 against the

3

City because nowhere in the Complaint does he aver the necessary basis for municipal liability. *Monell v Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658 (1978). Furthermore, argue the defendants, all claims against the MCPD must be dismissed because municipal police departments are not suable entities under Indiana law. *Sow v. Fortville Police Dept.,* 636 F.3d 293, 300 (7th Cir. 2011). Lastly, the defendants contend that Pam's Fourteenth Amendment claims against Officer Corley must be dismissed because Pam has only alleged officer misconduct *during* his arrest, which implicates rights guaranteed under the Fourth Amendment, not the Fourteenth Amendment. *Lopez v. City of Chi.*, 464 F.3d 711, 718 (7th Cir. 2006).

It is well-established that municipal police departments "are not suable entities." *Sow,* 636 F.3d at 300. The Supreme Court has instructed that local government liability under Section 1983 "is dependent on an analysis of state law." *McMillian v. Monroe County,* 520 U.S. 781, 786 (1997). When a municipal police department is named as a party defendant, dismissal is warranted. *See Sow, 636 F.3d at 300. See also*, *West v. Waymmire*, 114 F.3d 644, 646-67 (7th Cir. 1997); *Nevinger v. Town of Goodland, Indiana*, 2011 WL 2694662 (N.D. Ind.); *Susanowiz v. Town of Hamilton*, 2011 WL 657777, *3 (N.D. Ind.). Accordingly, Pam's claims against the MCPD will be dismissed.

It is also well-established that the City cannot be held liable under 42 U.S.C. § 1983 for constitutional deprivations allegedly committed by department employees on the basis of *respondeat superior*. *Monell*, 436 U.S. 658. Congress did not intend a local government to be held liable solely because it employs a tortfeasor. *Id.* The Supreme Court has held that "...our first inquiry in any case alleging municipal liability under Section 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional

4

deprivation." *City of Canton*, 489 U.S. at 385. Since municipalities are answerable only for their own decisions and policies, and not vicariously liable for the constitutional torts of their agents, to hold a government entity, municipality, or county liable under §1983, Plaintiffs must plead and prove official policy or custom that causes Plaintiffs to be subjected to denial of rights guaranteed under the Constitution. *Canney v. City of Chelsea*, 925 F.Supp. 58 (D.Mass. 1996); *Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996), *cert. denied*. Under certain circumstances a local government can be held liable under §1983. Those circumstances, however, are limited to situations where (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the final force of law causes a constitutional deprivation; or (3) the constitutional injury was caused by a person with final policymaking authority. *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006).

Furthermore, it is clear that in the wake of *Twombly* and *Iqbal* that a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The defendants argue that in the present case, Pam has failed to allege any substantive allegations that make a *Monell* claim plausible. Allegations that amount to

5

nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Naked assertions completely devoid of further factual enhancement must be dismissed for failing to meet the requirements of Rule 8. *Iqbal*, 129 S.Ct. at 1949.

The defendants point out that Pam has not even made naked assertions or otherwise recited the elements of a municipal cause of action. The defendants note that if Pam intended to rely upon the averment that Officer Corley was acting in his *official capacity* to state a *Monell* claim, then his Complaint clearly fails to properly state a claim against the City. *See Iqbal*; *Monell*. Factual allegations "that are merely consistent with a defendant's liability…stop short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949.

Courts have routinely dismissed plaintiffs' 42 U.S.C. § 1983 claims against municipalities for failure to properly plead a government's policy or custom caused the constitutional injury. *Nevinger v. Town of Goodland, Ind.*, 2011 WL 2694662 at *4-*5 (N.D. Ind. 2011); *Eckhart v. Bourrell*, 2011 WL 38993, at *5 (N.D. Ind.); *Hutchens v. Harrison*, 2009 WL 1139121, at *6 (N.D. Ill.); *Suber v. City of Chicago*, 2011 WL 1706156, at *4 (N.D. Ill.). In the present case, Pam has wholly failed to allege any of the aforementioned bases to hold the City liable for Officer Corley's alleged conduct. Pam has failed to allege the City maintained an express policy of depriving individuals of their constitutional rights; or that it had a practice of depriving individuals of their constitutional rights; or that a person with final policymaking authority made a deliberate choice to either deprive Pam of some constitutional right or acquiesced in such a deprivation by turning a "blind eye for fear of what he might see." *See*

*Cowgill v. City of Marion*, 127 F.Supp.2d 1047, 1054 (N.D. Ind. 2000). Asserting that an officer was acting in his official capacity when he allegedly committed a constitutional deprivation cannot serve to hold the municipality liable for the officer's actions. *See Monell*. Clearly, even when this Court gives due deference to Pam's Complaint, there are simply no allegations that support a Section 1983 claim against the City. Thus all claims against the City will be dismissed.

The defendants next contend that Pam has failed to state a claim upon which relief can be granted under the Fourteenth Amendment. Pam has asserted that all Defendants are liable due to violations of Pam's rights guaranteed by the Fourteenth Amendment as a result of Officer Corley's false arrest and unjustified use of force against Pam. *Complaint*, ¶ 17-18. "[A]ddressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 393 (1989). The identity of the constitutional right allegedly violated depends upon a plaintiff's status within the criminal justice system at the time of the alleged violation. *Id.* at 394. *See also*, *Pashova v. Geist*, 2012 WL 1074072 (N.D. Ind. 2012). The Seventh Circuit has held that the Fourth Amendment governs the time period between when the arrest was made and the determination of probable cause. *Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006); *Payne v. Churchich*, 161 F.3d 1030, 1040 n. 10 (7th Cir. 1998); *Armstrong v. Squadrito*, 152 F.3d 564, 569 (7th Cir. 1998); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir.1992).

In *Pashova*, this Court has recently explained when protection under the Fourth Amendment ends and when protection under the Fourteenth Amendment begins. *Pashova*, 2012

WL 1074072, *6. In *Pashova*, a woman brought excessive force claims against various law enforcement defendants after she was tasered in a holding cell at the county jail. The woman had been arrested and jailed without a warrant and was still awaiting her initial (*Gerstein*) hearing when she was tasered. The woman's claims against the law enforcement defendants included a claim of violation of her Fourteenth Amendment rights. The law enforcement defendants moved for summary judgment on the woman's Fourteenth Amendment claims and argued that her Fourth Amendment rights were properly invoked, not her Fourteenth Amendment rights. *Id.*

The *Pashova* court explained that "it [is] well-established that 'the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eight Amendment applies following conviction." *Id.* The courtthat because the woman's claims arose from an incident that occurred prior to her initial hearing, the Fourteenth Amendment was "inapplicable" and that the Fourth Amendment controlled. *Id.* Accordingly, the court dismissed the woman's Fourteenth Amendment claims. *Id.*

In the present case, Pam's allegations of false arrest and excessive force stem from Officer Corley allegedly striking Pam with a flashlight, pushing Pam, grabbing Pam's neck and arm, and tightly handcuffing Pam. Clearly, Pam's claims unequivocally arise solely from Officer Corley's conduct *during* Pam's arrest. *Complaint*, ¶¶ 11-15. Pam's status within the criminal justice system at the time of the alleged constitutional violations was clearly within the pre-*Gerstein* hearing timeframe, thus implicating only Pam's Fourth Amendment rights. *See Pashova*, 2012 WL 1074072, *6. Since protection afforded under the Fourteenth Amendment

begins only *after* an initial hearing, and Pam's allegations exclusively entail conduct that occurred *before* his initial hearing, Pam has failed to state a claim upon which relief can be granted under the Fourteenth Amendment. Accordingly, the Fourteenth Amendment claims will be dismissed.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 8] is hereby GRANTED.

Entered: September 7, 2012.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court