UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RANDY PAM, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIVIL NO. 3:12cv265 |
| CITY OF MICHIGAN CITY, INDIANA; and MARTY CORLEY, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, City of Michigan City, Indiana ("the City"), and Marty Corley ("Officer Corley"), on January 21, 2013. The plaintiff, Randy Pam ("Pam"), filed a response on February 13, 2013, to which the defendants replied on March 11, 2013.

For the following reasons, the motion to dismiss will be granted.

Standard for Dismissal

When ruling on a motion to dismiss for failure to state a claim, the court accepts all well-pleaded allegations to be true and all reasonable inferences in the nonmoving party's favor. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). However, the courts are not compelled to accept conclusory allegations concerning the legal effect of facts set out in the complaint. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). A complaint must include "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008), *quoting Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 547 (2007). While detailed factual allegations are not required... the plaintiff must allege facts that, when "accepted as true, state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

129 S.Ct.1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "Plaintiffs must do more than plead facts that are consistent with Defendants' liability because that only shows the possibility, not the plausibility, of their entitlement to relief." *Rodriguez v. Cook County Sheriff's Office*, 2009 WL 4673803 *1 (N.D. Ill. 2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

While the court must accept "well-pleaded, non-conclusory factual allegations," legal conclusions and conclusory statements are not accepted as true. *Id*. at 1949. Moreover, unsupported conclusions of fact or mixed fact and law are not admitted. *Hess v. Petrillo*, 259 F.2d 735 (7th Cir. 1958), *cert. denied*, 359 U.S. 954; *Homan Manufacturing Co. v. Russo*, 233 F.2d 547 (7th Cir. 1956); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (commenting that deferential standard does not obligate a court to "swallow the plaintiff's invective, hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

## Discussion

Pam, pursuant to 42 U.S.C. § 1983, filed a Complaint alleging that the defendants deprived him of his civil rights in violation of the Fourth and Fourteenth Amendments to the United States Constitution. In particular, Pam alleges that on May 28, 2010, Officer Corley entered a residence "under the auspices of a warrant" to arrest Pam's sister. Pam was not present when Officer Corley initially entered the residence. When Pam returned to the residence, he

2

noticed "officers searching the upstairs of the residence." After making verbal contact with the officers, Pam alleges that Officer Corley advised him to leave the residence. Pam alleges that when he turned towards the street, Officer Corley struck him on the skull with a flashlight. Pam alleges that Officer Corley then grabbed him by the neck and shoved him through a plastic chair to the concrete porch. Pam alleges that Officer Corley handcuffed him tightly and told him that he was being arrested for disorderly conduct and resisting arrest. Pam states that he was then transported to the La Porte County Jail, where he posted bond and was released the next day.

In his Amended Complaint, filed on January 4, 2013, Pam asserts that the City is liable for "failing to properly supervise and train Officer Corley...." Additionally, the Amended Complaint alleges a Fourth Amendment Claim against Officer Corley in both his official capacity and his individual capacity.

Pam makes the following statements in his Amended Complaint regarding the City's involvement:

> 20. On information and belief, City engages in patterns and practices of arresting citizens without probable cause and using excessive force in making arrest. These practices by City's police department are pervasive to sufficiently be characterized as a custom of the City.
>
> 21. On information and belief, City policymakers have knowledge of the use of excessive force in effecting arrest and of citizens being arrested without probable cause and permit both practices to continue.
>
> 22. On information and belief, City fails to properly supervise its police officers by disciplining them for use of excessive force and making arrest without probable cause and by providing adequate training and supervision.
>
> \* \* \*
>
> 27. The constitutional deprivation was caused by City's numerous areas of deliberate indifference as outlined in 1 through 23 above including:

3

> a) a custom of condoning instances of police brutality without punishing its officers; and
> b) a failure to have officers appropriately trained and supervised in the proper use of force.

In support of their motion to dismiss, the defendants assert that Pam's Amended Complaint fails to state a claim against the City because he has not sufficiently pled that a municipal custom or policy was the moving force behind his arrest. The defendants point out that "to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Valdez v. Indiana State Prison*, 2012 WL 3921445, *1 (N.D. Ind.). "A plaintiff must provide more than abstract recitations of the elements of a cause of action or conclusory legal statements." *McGreal v. AT&T Corp.*, 2012 WL 4356683, *16 (N.D. Ill.) citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

When filing a claim against a municipality under 42 U.S.C. §1983, a plaintiff must plead sufficient factual matter consistent with: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "However, alleging merely 'boilerplate allegations of a municipal policy' is grounds for dismissal under Rule 12(b)(6)." *Banks v. Village of Bellwood*, 2011 WL 5509572 (N.D. Ill. 2011) quoting *McTigue*, 60 F.3d at 382-83. (emphasis added). "Failure to present a factual basis describing with any particularity the

municipality's customs or policy vitiates a *Monell* claim." *Id.*, citing *Monell*, 436 U.S. at 694. "In considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "It is, therefore, 'not enough to give a threadbare recitation of the elements of a claim without factual support.'" *Tugle v. Stith*, 2011 WL 1627332 (S.D. Ill. 2011) quoting *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir.2009).

The defendants argue that, in the present case, rhetorical paragraphs 20-22 and 27 contain only "boilerplate allegations" and a formulaic recitation of the elements of a *Monell* claim. The defendants point out that the Amended Complaint is completely devoid of any facts, other than this single incident, that give rise to an inference that the City engages in a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law. The defendants contend that the threadbare recitation of the *Monell* elements contained within rhetorical paragraphs 20-22 and 27 are not facts, but rather unsupported conclusory legal statements. Notably, Pam prefaces each paragraph with the phrase "Upon information and belief . . ." The defendants claim that the use of this generic qualifier clearly demonstrates that Pam has no facts at this time to support the conclusory statements in paragraphs 20-22 and 27.

In a fairly recent case, this Court held that a plaintiff failed to state a *Monell* claim against a town under similar circumstances as are presented here. *Nevinger v. Town of Goodland, Ind.*, 2011 WL 2694662 (N.D. 2011). In *Nevinger,* a plaintiff sued a town, a police department, the police chief (in his official and individual capacity), and a police officer (in his official and individual capacity) as a result of alleged damages sustained after a police pursuit. *Id.* at *1. The

plaintiff's complaint included allegations that the wrongful conduct of the officer was "consistent with an institutionalized practice" and that the town and police chief had "knowledge of these institutionalized practices." *Id.* at *4. Plaintiff also alleged that the town "failed to properly train" the officer and "failed to establish a bona fide system of dealing with complaints." *Id.* The defendants moved to dismiss the claims against the town, police department, and the officers in their official capacities. *Id.* The Court dismissed the claims against the town and officers in their official capacities despite the plaintiff's general allegations that the town had an "institutionalized practice" of violating citizens' constitutional rights and that the town leaders knew of such practices and did not take any steps to prevent officers from continuing to engage in the wrongful conduct. *Id.* at *5.

This Court stated that it "will dismiss a complaint when it rests solely on conclusory allegations and fails to allege any well pleaded facts of any occurrence or policy other than that incident involving the plaintiff." *Id*. at *3. The Court further explained that a "plaintiff may not simply track *Monell's* requirement of official policy or add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the claims made." *Id*. The Court found that the plaintiff's allegations were the types of "boilerplate allegations" insufficient to survive a motion to dismiss. *Id.* at 5.

The defendants argue that, like the generalized allegations made by the plaintiff in *Nevinger*, rhetorical paragraphs 20-22 and 27 of Pam's Amended Complaint are vague, conclusory in nature, and are wholly unsupported by any actual facts. The defendants note that the complaint in *Nevinger* and Pam's Amended Complaint contain the same type of *Monell* boilerplate allegations that the court in *Nevinger* found insufficient to state a claim.

In response, Pam argues that his Amended Complaint is sufficient because he has pleaded all the elements required under *Monell*. Pam states that through discovery he will establish that Officer Corley has a history, known to City officials, of repeated actions of misconduct constituting a custom of brutality. Pam's claim that he can show a history of misconduct implies that he has a least a few facts to support that claim. Yet, he did not include those facts in his Amended Complaint, nor did he include the facts in his response brief. Thus it appears that Pam does not have any facts to allege regarding Officer Corley's history, but wishes to go on a fishing expedition in the hopes that he will find some facts to support his *Monell* theory of liability. This is exactly what is not permitted. Accordingly, the defendants' motion to dismiss will be granted.

Pam's Amended Complaint also contains a claim against Officer Corley in his official capacity. "[A] claim against an officer sued under Section 1983 in his or her official capacity also operates in the same manner as the claim against the governmental entity itself." *Nevinger*, 2011 WL 2694662, at *2 citing *Monell*, 436 U.S. at 690 n. 55. Thus, the Fourth Amendment claims against Officer Corley, in his official capacity, are nothing more than claims against the City. Since the claims against the City are insufficient to survive a Rule 12(b)(6) motion to dismiss, the claims against Officer Corley, in his official capacity, will also be dismissed.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE33] is hereby GRANTED.

Entered: April 23, 2013

s/ William C. Lee
William C. Lee, Judge
United States District Court
